No. 67. Deere v. Cole et al. This case was decided and is reported in 16 Bradwell, 629. On rehearing, the court finds nothing to require it to change its conclusion heretofore announced. Opinion by CONGER, J. Judge below, J. N. WILKIN. Attorneys, for appellant, Messrs. GERE & BEARDSLEY; for appellee, Mr. J. M. WRIGHT. Opinion filed Jan. 6, 1886.

No. 79. Chicago, Burlington & Quincy R. R. Co. v. Jones. It is not enough to create liability for stock killed by a railroad train, to prove that the bell was not rung, nor the whistle sounded, but it must also appear by facts and circumstances proved, that the accident was caused by reason of such neglect. The court is of opinion the evidence wholly fails to sustain the verdict in this case for appellee. Reversed and remanded. Opinion by WALL, P. J. Judge below, G. W. HERDMAN. Attorneys, for appellant, Messrs. SWEENEY & WALKER; for appellee, Mr. JAMES CALLANS. Opinion filed Feb. 25, 1886.

No. 62. Miller et al. v. Johnsons. This was an action of replevin for two horses, brought by appellants, claiming under bill of sale, and also assignment of a chattel mortgage from an execution defendant, against the constable who levied upon and took them. The levy was made after the mortgage debt had matured and the questions presented were upon the sufficiency, as against the judgment creditor, of the possession claimed to have been previously taken under the bill of sale, and the good faith of the alleged purchase. The issue of property was found for the defendant who had judgment for his costs and a return of the property, and there being sufficient evidence to sustain such judgment, it is affirmed. Opinion PER CURIAM. Judge below, R. M. BENJAMIN. Attorneys, for appellant, Mr. W. E. HUGHES; for appellee, Messrs. KERRICK, LUCAS & SPENCER. Opinion filed Feb. 25, 1886.

No. 28. The Village of Fieldon v. Kraus et al. This was an action of debt to recover the penalty provided by the ordinance of the village of Fieldon, for selling liquors in violation of the provisions of said ordinance. The declaration contained five counts. A general and special demurrer was filed to the declaration. Each count of the declaration was then sustained by the court, and the plaintiff electing to stand